UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ALL WEATHER CONSTRUCTION, L.L.C.     *     CIVIL ACTION
d/b/a MR. G'S GUNS
                                     *     NO.
VERSUS

SEMCO, L.L.C.                        *     JUDGE

*   *   *   *   *   *   *   *   *   *

## COMPLAINT - IN ADMIRALTY

The Complaint of All Weather Construction, L.L.C., a Louisiana corporation with its domicile and principal place of business within this District in Jefferson Parish, with respect represents:

1.

Jurisdiction herein is under the Admiralty and Maritime jurisdiction of this Court and Plaintiff specifically designates this claim under Rule 9(h) of the Federal Rules of Civil Procedure and under the admiralty and Maritime jurisdiction of this Court under 28 USC Sect. 1292(a)(3) and elects to proceed with a bench trial under Rule 9(h).

2.

Made defendant is Semco, L.L.C., a Louisiana corporation with its domicile and principal place of business within this District in Lafitte, Jefferson Parish, Louisiana.

3.

On August 2, 2013, Semco, L.L.C., which is in the business, inter alia, of building offshore structures and rigs, launched a large offshore rig from its yard on the Intracoastal Waterway near Crown Point, Louisiana in Jefferson Parish, causing serious damage by extreme wave action and wave wash, to the dock and property of Plaintiff, which was located directly across from Semco's yard on the said Intracoastal Waterway.

4.

Semco has engaged in such launches of various rigs over a period going back approximately ten years prior to this launch, and on each occasion has caused some degree of damage to the property of All Weather, which limited liability company is owned by Tom Goins, the damage ranging from somewhat extensive to small damage depending on the circumstances of the launch.

5.

Nevertheless, Semco has always known some damage will be inevitable and in prior years would go to great care to advise Mr. Goins well in advance of the launch, sometimes months in advance with updates as the launch drew near, and would give Mr. Goins four to five weeks prior notice so he could take certain actions on his own, but then would give Mr. Goins at least seven to ten days' notice of the fixed date launch as it was becoming finalized, and, as to heavy machinery which Goins could not

move, SEMCO would send over a crew to shrink wrap the heavy equipment—lathes, shears, welding machines, sanding machines, etc. and help Goins move some machines to a less endangered area, and take other curative actions the last couple of days before the launch, in order to minimize said damage and economic business loss to Goins and his company. This activity will be testified to by the former Safety Director of Semco, who would generally oversee all actions involving Goins and his company. In addition, in prior times, Semco even would send persons to replace damaged doors and would do the work itself after purchasing said doors from Hollywood Doors.

Goins could not determine when the actual launch would be based on past launches, because Semco in the past had moved a rig near the launch site, then would call off the launch for up to an additional two weeks due to unexpected difficulties not told to Goins, but more than one launch was called off.

6.

However, on this occasion which is the subject of this litigation, Semco failed to give Goins notice until approximately three days before the launch. In prior years Goins had been engaged solely in the business of manufacture and repairs to deck equipment and other parts of marine vessels, but in recent years has also added the manufacture of components of guns, which is heavily regulated by the Bureau of Alcohol,

Tobacco & Firearms and other federal agencies, with his business now being 80% marine manufacture and repair (specializing in deck machinery, including but not limited to, pumps, winches, vent check valves, watertight doors, cranes, etc.) and also doing custom hydraulic and electrical work); but also now manufacturing components for military style weapons such as assault weapons (i.e., MG-34s, M-240s, Browning 1919, M-249s, M-16s, AK-47s and Browning M-2 50 caliber machine guns), which constitutes approximately 20% of his business.

                                7.

When notified on the occasion of this launch, Goins protested that the three days' notice was insufficient to allow him to do all the necessary moving which had been done in the past. In past situations over ten years when prior management and the prior Safety Director handled the launches, Goins would actually get four to five weeks' notice which allowed him to do a large amount of the protective work himself.

Goins himself first would proceed, in an orderly fashion which allowed him to then return said equipment in an organized manner, to move hydraulic fittings, stainless steel fittings, electrical components, bearings, etc. which could be moved by Goins himself with helpers, to place same in protected areas. In earliest launches, sometime these items would be scattered all over because the shelves housing them would be knocked down.

Therefore, in later launches, Goins would move all these items to protected areas first. This did not require Semco's help, but required adequate notice as even this procedure could take several days (usually 4-5 days).

Goins could also move items such as tool boxes (roll around), hydraulics pumps, etc. to the far side of the building from the launch and place them on benches to avoid water damage. This would be standard procedures even in hurricanes, but take time.

Semco then would send a crew to do the heavy work Goins could not do, such as move welding tables, pipe and equipment in the back dock, and shrink wrap the welding machines, lathes, all machines with electrical components, etc. to shield them from the water.

Goins also stated he needed to contact ATF which oversaw the gun manufacture to see if ATF had objections or requirements, but Semco was indifferent to all of the above.

8.

Semco's response, said defendant purportedly being under new management in some areas and with a new safety director, was to go forward with the launch of the massive rig anyway, well-knowing from past experience that the launch would cause damage to plaintiff, making the tort in fact an intentional tort, as to

which Plaintiff in this Complaint also will claim punitive damages under admiralty law.

9.

In fact, as Semco is now in the midst of building yet another large rig, as this matter progresses plaintiff advises the Court that it may seek injunctive relief prohibiting SEMCO from engaging in said launch until satisfactory arrangements have been made to minimize or totally eliminate damage to the Plaintiff's premises. As will be demonstrated, Semco has on one occasion in the past utilized a system which "cradled" the rig being launched and thus prevented all such damage and can do so as to the future launch, apparently electing instead to knowingly cause damage to Plaintiff, due to the cost of effecting a proper launch by what Plaintiff herewith describes as a "cradled" launch. This again will be an intentional tort.

11.

Further, Semco has in the past actually engaged in two launches in a year and Semco has known for a decade that it will, either once or twice a year, not just damage the Plaintiff's property, but put plaintiff out of business for a period of time.

12.

On the occasion of this launch, which was videotaped, Plaintiff sustained damage to building and equipment which was

estimated by plaintiff's marine surveyor to be $30,035, which survey and estimate has been provided Semco. However, repeated launches have slowly undercut the foundation and concrete dock of the Plaintiff's premises by which material is loaded and unloaded and certain other work done, and the dock and adjacent walkway is now collapsing, some of which may constitute an OSHA violation with Plaintiff not having the financial means to make repairs, with said initial repair estimate at $80,000.00, although Plaintiff is seeking other estimates.

Due to the intentional and repeated nature of this damage and likelihood of further damage from any forthcoming launch and Semco's refusal to consider compensating Plaintiff to effect said repairs, Plaintiff likewise will seek punitive as well as compensatory damages for these actions of Semco.

13.

Plaintiff's damages are in the range of $110,035.00 and plaintiff also seeks a punitive damage award of Five Hundred Thousand ($500,000.00) or such amount as this Court deems appropriate, as punitive damages may be awarded in an appropriate case in admiralty, together with a reasonable award of attorney's fees.

14.

Having had many occasions of prior damages to Goins' property, and on previous occasions sending crews to minimize

said damages and promptly compensate Plaintiff for its losses, Semco's launch and refusal to delay same until Goins could in an orderly fashion to move his equipment from his shop and/or take other protective measures, said launch was made with reckless disregard of the damage it would cause All Weather Construction, L.L.C. and far exceeds ordinary negligence and raises the subject as to whether this Court deems such actions on the part of defendant to include malicious intent, which is specially pleaded herewith, which can be inferred from reckless disregard as to whether such harm will occur or not and has been legally defined that the defendant has foreseen that the particular harm might be done and yet has gone on to take the risk of it, which also is specially pleaded herein.

WHEREFORE, All Weather Construction, L.L.C. prays that defendant, Semco, L.L.C. be served and cited to appear and answer this Complaint; that after all due proceeding are had there be judgment herein in favor of Plaintiff for the sums requested including actual damages and punitive damages, together with all costs of this proceedings and attorney's fees, if deemed appropriate, and for interest from date of loss (prejudgment interest); and for such other and further relief as may be appropriate at law, in admiralty, inequity, or by the nature of the case.

_____
OVERTON T. HARRINGTON, JR. (TA) (6599)
718 3rd Street, Gretna, LA 70053
Tel.: 504-232-0236; fax: 504-366-2105
Electronic Mail: ovrtharrington@aol.com
Attorney for All Weather Construction,
L.L.C.