UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALL WEATHER CONSTRUCTION, LLC | CIVIL ACTION |
| VERSUS | NO. 14-1747 |
| SEMCO, LLC | SECTION A(5) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 99)** filed by Semco, LLC. The motion, set for submission on May 4, 2016, is before the Court on the briefs without oral argument. A bench trial is set to begin in this matter on August 29, 2016.

### I.  Background

Plaintiff's claims stem from the launching of a vessel on August 2, 2013. (Rec. Doc. 1). Plaintiff alleges that when Defendant Semco launched a vessel from its shipyard in Lafitte, Louisiana, a wave travelled across the canal and damaged Plaintiff's property, including Plaintiff's building, dock, equipment, and machinery. (Rec. Doc. 1). In the instant motion, Defendant argues that the Court does not have subject matter jurisdiction over the case. Specifically, Defendant argues that Plaintiff has failed to invoke maritime jurisdiction because Plaintiff has not alleged that the injury, which occurred on land, was "caused by a defective appurtenance of a ship on navigable waters." (Rec. Doc. 99-1).

### II. Analysis

If a Rule 12(b)(1) motion simply challenges a court's subject matter jurisdiction based on the sufficiency of the pleading's allegations, it is a facial attack and the plaintiff's allegations are therefore taken as true and construed in a light most favorable to the plaintiff. *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). If a Rule 12(b)(1) motion denies or controverts the plaintiff's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction, and the allegations in the complaint are therefore not controlling. *Id.* (citing

1

*Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558-59 (9th Cir.1987)). In the instant motion, Defendant argues that Plaintiff has failed to invoke maritime jurisdiction because Plaintiff made no allegation of a "defective appurtenance." Defendant further argues that Plaintiff has "failed to specifically allege that a tort occurred on navigable waters." (Rec. Doc. 99-1). Because these challenges attack the sufficiency of the pleadings, this Court finds that it is presented with a facial attack. The Court will therefore accept Plaintiff's allegations as true for purposes of this motion.

The Admiralty Extension Act ("AEA") extends jurisdiction to "all cases of damage . . . to property caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land." 46 U.S.C.A. § 30101(a). When determining if a claim sounds in admiralty, courts must apply the "location" and "connection" tests for admiralty tort jurisdiction set out in *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The parties here dispute whether the "location test" is satisfied. This test asks "whether the tort occurred on navigable waters or whether injury suffered on land was caused by a vessel on navigable water." *Grubart*, 513 U.S. at 534. The "caused by" language is traditionally construed as requiring the tort law concept of "proximate cause." *Margin v. Sea–Land Servs., Inc.*, 812 F.2d 973, 976 (5th Cir.1987). In other words, "[t]he vessel or its defective appurtenances must be the proximate cause of the accident." *Id.* If a plaintiff alleges facts that satisfy this jurisdictional requirement, a court will find the complaint sufficient, even if the complaint fails to cite the AEA. *See id.* ("If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements.") (citing *Hildebrand v. Honeywell, Inc.*, 662 F.2d 179, 181 (5th Cir. 1980)).

In support of the instant motion, Defendant twice quotes a sentence from the *Margin* opinion. The sentence says, "If the injury occurs on land, in order to invoke maritime jurisdiction under the Admiralty Extension Act, the plaintiff must allege that the injury was caused by a defective appurtenance of a ship on navigable waters." (Rec. Doc. 99-1). The remainder of the analysis in

*Margin*, however, makes clear that the plaintiff must allege either that the injury was caused by a defective appurtenance of the vessel or by the vessel itself. *See Margin*, 812 F.2d 973.

As Defendant notes, the *Margin* court found no admiralty jurisdiction because the plaintiff "asserted no more than a ship-side accident which was not proximately caused by the negligence of the vessel." (Rec. Doc. 99-1). The alleged negligence in *Margin* occurred when a crane on a dock was lowering a hatch cover from a vessel. *Margin*, 812 F.2d at 974. When the plaintiff saw the hatch cover being lowered into his path, he tried to move away from it to avoid being crushed. *Id.* In doing so, he tried to climb over stacking frames, causing him to slip and then fall eight feet to the ground. *Id.* As the case progressed, Plaintiff belatedly alleged that he slipped due to oil on the dock. *Id.* The court found that the plaintiff's allegations were insufficient, writing that no action by the vessel caused the plaintiff to scale the stacking frames or fall to the ground. *Id.* at 977. The court noted that it was not the vessel that was operating the crane that lowered the hatch cover—it was a separate company, which was "in charge of discharging containers and stacking frames and hatch covers." *Id.* at 974, 977. While the plaintiff belatedly alleged that oil was on the frames, he did not connect this allegation with the ship. *Id*. at 977. Thus, the court found that the plaintiff "wholly failed to allege that vessel negligence proximately caused his injury." *Id.*

In *Grubart*, the Court found admiralty jurisdiction where a number of plaintiffs claimed that a vessel's negligence caused a flood, which caused damage to their property. *Grubart*, 513 U.S. at 529-31. The plaintiffs alleged that in the course of replacing wooden pilings near a bridge, the defendant, Great Lakes, had negligently weakened the structure of a tunnel that ran under the river, causing the tunnel to collapse and allow river water to flood the tunnel and nearby property. *Id.* The Court found the location test "readily satisfied." *Id.* at 534. The Court rejected the argument of Great Lakes, which asserted that "the damage must be close in time and space to the activity that caused it: that it must occur 'reasonably contemporaneously' with the negligent conduct and no 'farther from navigable waters than the reach of the vessel, its appurtenances and cargo.'" *Id.* at 535-36. (quoting Brief for

3

Petitioner in No. 93–1094, p. 45).The Court rejected the proposed "nonremoteness rule," writing that Great Lakes disregarded "a less stringent but familiar proximity condition tied to the language of the statute"—proximate causation. *Id.* at 536. "This classic tort notion normally eliminates the bizarre, and its use should obviate not only the complication but even the need for further temporal or spatial limitations." *Id.* (internal citation omitted).

Because the damage here occurred on land, Plaintiff is required to allege that the damage was caused by a vessel on navigable water or by such a vessel's "defective appurtenance." While Plaintiff has not pointed to a "defective appurtenance," this is not required, because Plaintiff instead points to the vessel itself. While Defendant tries to analogize this case to *Margin*, this case is distinguishable from *Margin*. In that case, the plaintiff sought damages from the vessel owner without pointing to any negligence by the vessel or to any "defective appurtenances" of the vessel.

Further, much like the *Grubart* case, Plaintiff's claims in the instant case are sufficient as far as causation. Plaintiff has asserted that Defendant negligently failed to control the speed of the vessel as it launched and began travelling down the river, and because of this, a wave damaged Plaintiff's property. Although the alleged damage here is more remote than, for example, a case where a vessel hits a building, it is nonetheless reasonably foreseeable that an improper, hasty launch could create a wave that damaged nearby property.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 99)** is **DENIED**.

New Orleans, Louisiana, this 2nd day of June, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE